UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Compulink Management Center, Inc., <br><br> Plaintiff, <br><br> v. <br><br> SAP America, Inc., et al., <br><br> Defendants. | Case No. **CV 10-7843-JFW (Ex)** <br><br> **CIVIL TRIAL ORDER** |

This matter is set for trial before the Honorable John F. Walter, Courtroom No. 16 (1st Floor, Spring Street level), United States Courthouse, 312 North Spring Street, Los Angeles, California. The Court's procedures and requirements for civil trials are set forth below:

**1.  The Commencement of the Trial**

(a) Counsel shall arrive in the Courtroom at 8:30 a.m. on the first day of trial for the purpose of handling logistical and administrative matters pertaining to the trial, including the submission of exhibits as discussed below.

/ / /

(b) Counsel shall present the Courtroom Deputy with the following documents on the first day of trial:

(i) All of the original exhibits, with official exhibit tags attached in the lower or upper right hand corner of the first page of each exhibit and bearing the same number shown on the exhibit list. Counsel shall assemble their exhibits by placing them in a slant D-ring binder with each exhibit separated by a tab divider on the right side. These exhibits shall be numbered in accordance with the Local Rules. Each binder shall contain a Table of Contents and shall include a label on the spine of the binder identifying its contents. All exhibits contained in the binders must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

(ii) One bench book with a copy of each exhibit for the Court's use, tabbed and formatted as described above.

(iii) In addition to the exhibit binders, counsel shall bring with them to the first day of trial three copies of their exhibit list, three copies of their final witness list in the order in which the witnesses will be called to testify, and three copies of the Final Joint Trial Witness Estimate Form.

(c) If counsel need to arrange for the installation of their own additional equipment, such as video monitors, overhead projectors, etc., counsel shall notify the Courtroom Deputy, in writing, two weeks BEFORE trial so that the necessary arrangements can be made.

/ / /

(d) After the initial day of trial, jury trials are conducted Tuesday through Friday from 8:00 a.m. to 2:00 p.m., with two fifteen minute breaks.  On the first day of trial, the Court will commence at 8:30 a.m. and conclude at 5:00 p.m. with a standard lunch break.

(e)  Before trial commences, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues.  On the first day of trial, this will include a final discussion of voir dire questions and the content of the joint statement of the case.  During the trial, if there are any matters counsel wish to discuss, counsel shall inform the Courtroom Deputy.

**2.   Witnesses**

(a)  The parties shall exchange final witness lists in the order in which the witnesses will be called to testify, together with a Final Joint Trial Witness Estimate Form, seven calendar days prior to trial.  Courtesy Copies of the final witness lists and Final Joint Trial Witness Estimate Form shall be provided to the Court in accordance with the Court's Standing Order and Scheduling and Case Management Order.

(b)  For each designation of deposition testimony previously made pursuant to the Local Rules, lead trial counsel shall meet and confer and prepare a separate joint document entitled "[Plaintiff's or Defendant's] Notice of Designated Deposition Testimony of [Witness Name]" for each witness whose testimony will be offered by deposition.  The joint document shall quote only those questions and answers

of the witness that the parties intend to offer at trial. The joint document shall be in a three-column format. The column on the left shall contain the following: (1) the identity of the party offering the testimony and shall quote the specific questions and answers offered by the party in normal font; (2) the opposing party's counter-designations (specifically quoting those questions and answers offered by the opposing party) in *italic font*; and (3) the citations to the page and line number(s) of the deposition transcript. The middle column shall contain only those objections which were previously made in accordance with the Local Rules. The column on the right shall contain a response to the objections. Accordingly, the only new material the parties are permitted to add to their previous designations are the responses to the objections. Any objections made in the marked transcript and not included in the joint document shall be deemed to have been waived by the objecting party.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S DEPOSITION DESIGNATIONS. THESE WILL BE DISREGARDED AND OVERRULED.**

The joint document re: deposition testimony shall be substantially in the following form:

<u>Plaintiff's Designations</u>                          <u>Objections</u>   <u>Response to Objections</u>

4:1-3
Q. Could you please state your name for
the record?
A. John Doe.

10:3-5
Q. Did your car enter the intersection
after the light turned red?
A. Yes

4

```
10:5-7 [Counter-designation]
Q. So you ran the red light?
A. No I did not.  My car entered the
intersection when it was hit by the
car behind me.
```

The parties shall file their joint documents re: deposition testimony eight calendar days prior to trial. Courtesy Copies of the joint documents re: deposition testimony shall be provided to the Court in accordance with the Court's Standing Order and Scheduling and Case Management Order.

(c) Each party must give advance notice to the Court and the other parties, before jury selection, of the identity of all witnesses whose testimony (by declaration, by deposition, or by oral testimony at trial) it may offer during trial. At least two court days before it seeks to use the testimony of any witness, or on shorter notice for good cause shown, each party must advise the Court and all other parties of its intent to use the testimony of the witness on the specified day and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide a list of all exhibits to be used with the same witness on cross-examination other than for impeachment. All such notice should be provided in writing. As each witness takes the stand, the witness shall be given a binder of the exhibits that will be used during the direct and cross examination. The Court shall be given a similar binder which shall also include a list of the particular exhibits.

/ / /

1      (d) For each expert witness whose testimony counsel
2  intends to offer during trial, counsel shall, eight calendar
3  days prior to trial, provide the Court with (<u>but shall not
4  file</u>) a copy, which shall be marked "COURTESY COPY," of the
5  expert's curriculum vitae, report, deposition transcript
6  (single-sided, condensed transcript including the key word
7  index), and an offer of proof containing the opinion or
8  opinions which counsel expects to elicit from the expert.
9  When an expert witness is called to the stand, counsel will
10 read to such expert all of his or her qualifications and
11 inquire as to whether those qualifications are correct.  If
12 correct, the next question will relate to the merits of the
13 case.

**3.  Final Pre-Trial Exhibit Stipulation**

15     Lead trial counsel for the parties shall prepare a Final
16 Pre-Trial Exhibit Stipulation which shall contain each
17 party's numbered list of all trial exhibits, with objections,
18 if any, to each exhibit including the basis of the objection
19 and the offering party's response.  All exhibits to which
20 there is no objection shall be deemed admitted.  The parties
21 shall also identify each witness they anticipate will testify
22 about and/or lay the foundation for the exhibit.  All parties
23 shall stipulate to the authenticity of exhibits whenever
24 possible, and the Final Pre-Trial Exhibit Stipulation shall
25 identify any exhibits for which authenticity has not been
26 stipulated to and the specific reasons for the party's
27 failure to stipulate.
28 / / /

The Final Pre-Trial Exhibit Stipulation shall be substantially in the following form:

<u>Final Pre-Trial Exhibit Stipulation</u>

<u>Plaintiff(s)' Exhibits</u>

<u>Number</u>   <u>Description</u>   <u>Witness</u>   <u>If Objection, State Grounds</u>   <u>Response to Objection</u>

<u>Defendant(s)' Exhibits</u>

<u>Number</u>   <u>Description</u>   <u>Witness</u>   <u>If Objection, State Grounds</u>   <u>Response to Objection</u>

The Final Pre-Trial Exhibit Stipulation shall be filed seven calendar days before trial. Courtesy Copies of the Final Pre-Trial Exhibit Stipulation shall be provided to the Court in accordance with the Court's Standing Order and Scheduling and Case Management Order. Failure to comply with this section shall constitute a waiver of all objections.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND OVERRULED.**

**4.   <u>Proposed Jury Instructions During Trial</u>**

Seven calendar days before trial, counsel shall file a joint document, entitled "Proposed Jury Instructions During Trial," that includes any jury instructions that counsel will request the Court to give during the course of the trial. Counsel shall prepare the Proposed Jury Instructions During Trial in accordance with the Court's Scheduling and Case Management Order. Courtesy Copies shall be provided to the Court in accordance with the Court's Standing Order and Scheduling and Case Management Order. **Failure to comply with this section shall constitute a waiver of the right to**

**request instructions during trial or the right to object to any instructions the Court may give during trial.**

**5.   Time Limits**

The Court will, in every case, impose time limits on the amount of time each side will have for opening statement, witness examination, and closing argument.

**6.   Court Trials**

   **(a) Declarations of Witness Direct Testimony**

Counsel in non-jury trials shall submit the direct testimony of their witnesses in writing in a declaration executed under penalty of perjury.  These declarations shall be in admissible form with appropriate foundation established for the declarant's statements.  Paragraphs in each declaration shall be numbered consecutively to facilitate the identification of paragraphs for evidentiary objections.  Any exhibits which are attached to a witness declaration shall be numbered consistently with the number of the exhibit on the Joint Exhibit List.

Counsel are to exchange and file these declarations at least twelve calendar days before trial, unless otherwise ordered by the Court.  Courtesy Copies shall be provided to the Court in accordance with the Court's Standing Order and Scheduling and Case Management Order.  Courtesy Copies shall be submitted to the Court in slant D-ring binders with each declaration separated by a tab divider on the right side and shall include a label on the spine of each binder identifying its contents.  All documents must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole

size.  The binders shall also contain a Table of Contents listing the declarations contained therein.

Eight calendar days before trial, counsel may file evidentiary objections to those declarations.  Counsel shall prepare a separate document for each declaration for which they have an evidentiary objection in which they shall quote the specific language from the declaration to which they object, followed by the objection and any relevant argument. Counsel shall file any reply or response to the objections by noon on the fifth calendar day before trial.  Courtesy Copies of the evidentiary objections and any replies shall be provided to the Court in accordance with the Court's Standing Order and Scheduling and Case Management Order.  **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S WITNESS DECLARATIONS. THESE WILL BE DISREGARDED AND OVERRULED.**

At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the declarations will be received in evidence, either in whole or in part, or rejected.  Counsel will then conduct the cross-examination and re-direct examination at trial.

Failure to comply with the literal terms of this Order will result in sanctions or the Court may refuse to allow that witness to testify.

**(b) Findings of Fact and Conclusions of Law**

Counsel for each party shall file and serve initial proposed findings of fact and conclusions of law fourteen calendar days before trial.  Counsel for each party shall

9

also e-mail a copy of their proposed findings of fact and conclusions of law to the Chambers' e-mail address [JFW_Chambers@cacd.uscourts.gov] on the date due. Counsel for each party shall then:

    (i) Underline in red the portions which it disputes;

    (ii) Underline in blue the portions which it admits; and

    (iii) Underline in yellow the portions which it does not dispute, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of it irrelevant.

Two marked copies of opposing counsel's proposed findings of fact and conclusions of law shall be filed with the Court seven calendar days before trial and one marked copy shall be served on opposing counsel. Courtesy Copies of the marked copies shall be provided to the Court in accordance with the Court's Standing Order and Scheduling and Case Management Order.

**7.　Voir Dire and Jury Selection**

(a) The Court will conduct voir dire after conferring with counsel regarding potential areas of questioning. A portion of the voir dire may be based on written questions given to the jurors when they arrive at Court.

(b) In most cases, the Court will conduct its initial voir dire of fourteen prospective jurors who will be seated in the jury box. Normally the Court selects a jury of eight.

(c) Except in an unusual case, each side will have three peremptory challenges.  Therefore, if fourteen jurors are in the box and all six peremptories are exercised, the remaining eight jurors will constitute the jury panel.  If fewer than six peremptories are exercised, the eight low-numbered jurors (by seat number in the jury box) will constitute the jury panel.

**8.   Instructions Governing Procedure During Trial**

(a) Counsel are expected to cooperate with each other during trial to ensure the efficient and expeditious use of Court and juror time.

(b) Counsel shall not refer to their clients or any witness over fourteen years of age by their first names during trial.

(c) Do not discuss the law or argue the case in opening statements.  In general, charts, diagrams, and exhibits may be shown to the jury in opening statements provided opposing counsel is shown what is to be used in time to make objections on non-jury time.  In general, where the admissibility of an exhibit is in substantial doubt, that exhibit should not be used in opening statements.

(d) Do not use objections for purposes of making a speech, recapitulating testimony, or attempting to guide the witness. When objecting, state only that you are objecting and the specific legal ground of the objection (_e.g._, hearsay, irrelevant, etc.).  Only rarely will the Court permit side-bar conferences about evidentiary issues during a jury trial.  Most unusual or complex evidentiary issues can

be foreseen and disposed of in advance; those that cannot ordinarily will be disposed of at the next recess, with the witness retained until the issue is resolved.

(e) In multi-party cases, counsel are expected to coordinate their cross-examination. The Court will not permit each party's counsel to repeat previous cross-examination questions.

(f) Counsel shall stand at or near the lectern to ask any questions, straying only to point out material on charts or overheads. Do not approach the Courtroom Deputy or the witness box without the Court's permission. Please return to the lectern when your purpose has been accomplished. Do not enter the well of the Court without the Court's permission.

(g) Please rise when addressing the Court, and when the jury enters or leaves the courtroom.

(h) Address all remarks to the Court. Do not directly address the Courtroom Deputy, the reporter or opposing counsel. If you wish to speak with opposing counsel, ask permission to talk to counsel off the record. All requests to have an exhibit placed in front of a witness shall be addressed to the Court.

(i) Although the Court encourages the parties to stipulate to facts that are not reasonably in dispute, do not offer a stipulation unless you have previously conferred with opposing counsel and reached an agreement.

(j) Please do not wait to move exhibits into evidence until the end of counsel's case. Move their admission when counsel believes that the foundation for admission has been

established. Refer to exhibits by their exhibit number, as well as by any other applicable description.

(k) All depositions to be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order.

(l) Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions, extracted from one or more lengthy documents, counsel shall prepare a new document listing each question and answer and identifying the document from which it was extracted. Copies of this new document should be given to the Court and opposing counsel.

(m) While Court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

(n) When a party has more than one lawyer, only one may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

(o) If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when Court resumes.

(p) Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

(q) Counsel shall not state in summation, "I am reading from the reporter's transcript." Counsel shall not suggest to the jury that they may request re-reading of testimony.

1    (r)  Counsel are advised to be on time as the Court
2 starts promptly.

**9.   Post Trial Exhibit List**

At or before the conclusion of the evidence, counsel for each party shall submit to the Courtroom Deputy a hard copy <u>and</u> an electronic version of a "clean" list of only those exhibits offered by such party that have been admitted into evidence.  Such lists shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable: (a) Exhibit Number; (b) Date; and (c) A brief description of the exhibit that will enable the jurors to identify it but which does not characterize the exhibit or its contents (*e.g.*, letter from A to B; photograph of 100 Main Street).

Counsel shall review and approve the exhibit list and all exhibits with the Courtroom Deputy before they are delivered to the jury for deliberations.  Failure to advise the Court of any objections to the exhibit list or the exhibits prior to the time they are delivered to the jury will constitute a waiver of those objections.

IT IS SO ORDERED.

DATED:    September 2, 2011              _____
                                          JOHN F. WALTER
                                          UNITED STATES DISTRICT JUDGE

Rev. 3/1/11

FINAL JOINT TRIAL WITNESS ESTIMATE FORM

CASE: _____           TRIAL DATE: _____

|  | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 |  |  |  |  |  |
| 2 |  |  |  |  |  |
| 3 |  |  |  |  |  |
| 4 |  |  |  |  |  |
| 5 |  |  |  |  |  |
| 6 |  |  |  |  |  |
| 7 |  |  |  |  |  |
| 8 |  |  |  |  |  |
| 9 |  |  |  |  |  |
| 10 |  |  |  |  |  |
|  | TOTAL ESTIMATES THIS PAGE: |  |  |  |  |

<u>Instructions</u>:

(1) List witnesses (last name, first) and state if witness will testify in person or by deposition; (2) For description, be extremely brief; (3) Note special factors in "Comments" column, <u>e.g.</u>, "Needs interpreter;" (4) Entries may be in handwriting <u>if</u> <u>very</u> <u>neat</u> <u>and</u> <u>legible</u>.

Rev. 3/1/11